IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

LTF REAL ESTATE COMPANY, INC., )
a Minnesota corporation )
)
Plaintiff, )
)
v. ) Case No. 12-CV-132-JHP-FHM
)
PREMIER SITE DEVELOPMENT, L.L.C., )
an Oklahoma limited liability company )
)
Defendants. )
)

# OPINION AND ORDER

Before the Court are Plaintiff LTF Real Estate Company, Inc.'s (LTF) Motion for Summary Judgment (Motion),[1] Defendant's [sic] Premier Site Development, L.L.C. (Premier) Objection to Plaintiff's Motion for Summary Judgment (Response),[2] and Plaintiff's Reply to Defendants' [sic] Response to Plaintiff's Motion for Summary Judgment(Reply).[3] For the reasons detailed below, the Court declines to exercise its jurisdiction pursuant to 28 U.S.C. §2201. Plaintiff's Motion for Summary Judgment is **MOOT**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

The instant case arises from a payment dispute between a Summit Civil Contractors, L.L.C. (Summit), a subcontractor for the construction arm of LTF, and Defendant Premier, another subcontractor working for Summit, for work on a project involving real property owned by Plaintiff

---

[1] Docket No. 4.

[2] Docket No. 11.

[3] Docket No.13.

1

LTF.[4] Upon not being paid by Summit, Defendant forwarded a pre-lien notice to Plaintiff LTF and to the general contractor as required by Oklahoma State title 42, §142.6.[5] This pre-lien notice was subsequently amended twice, and with each amended notice, an amended mechanic's and materialmen's lien was filed with the Tulsa County Clerk.[6] The last lien was filed on March 23, 2012.[7]

On March 3, 2012, approximately one month after the initial lien was filed, Plaintiff's filed this declaratory action in this Court pursuant to 28 U.S.C.§2201.[8] Plaintiff's filed the instant Motion for Summary Judgment simultaneously with its Complaint, asking this Court to find that Defendant's pre-lien notices were inadequate under Oklahoma Law, and therefore the liens against Plaintiff's property are void as a matter of law.[9] In support of its Motion, Plaintiff further offers that the Defendant's liens are unnecessary because Defendant's have a remedy available based on their current suit against Summit in Osage County District Court.[10]

## DISCUSSION

The Declaratory Judgment Act provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an

---

[4]Motion at 1, Docket No. 2, Response at 1, Docket No. 11.

[5]Response at 1, Docket No. 11.

[6]*Id.* at 1-2.

[7]*Id.* at 2.

[8]*See* Complaint at 2, Docket No. 2.

[9]*See* Motion at 5, Docket No. 4.

[10]Reply at 4, Docket No. 13.

2

appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[11] Both the Supreme Court and the Tenth Circuit have made clear that, although the Declaratory Judgment Act gives federal courts competence to make a declaration of party rights, it does not impose any duty to do so.[12]

The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant."[13] District Courts have the discretion whether and when to hear declaratory actions "even when the suit otherwise satisfies subject matter jurisdictional prerequisites."[14] "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."[15]

Consistent with the nonobligatory nature the Act, the Court may make the determination as to whether or not a declaratory action furthers the purposes of the Declaratory Judgment Act at any stage of the proceeding.[16] Further, the Court need not provide the parties with notice or an

---

[11] 28 U.S.C. §2201.

[12] *State Farm Fire & Cas. Co., v. Mhoon*, 31 F.3d 979, 982 (*citing Public Affairs Assoc. Inc v. Rickover,* 369 U.S. 111, 112, 82 S.Ct. 580, 581, 7 L.Ed.2d 604 (1962)).

[13] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995).

[14] *Id.* at 282.

[15] *Id.* at 288.

[16] *See Harpin v. Oakley Custom Homes, Inc*., 232 F.3d 901(Table), 2000 WL 1531819, *3 (10th Cir.2000)("The district court may make this determination at various stages of the proceedings. If a district court determines after the complaint is filed that issuing a declaratory judgment would not serve the purposes of the Act, it has no obligation to adjudicate the merits before staying or dismissing the action") (*citing Wilton*, 515 U.S. at 288).

opportunity for argument before deciding to dispose of a declaratory action.[17]

In *State Farm Fire & Casualty Company v. Mhoon*, the Tenth Circuit adopted an expanded list of factors the district court must weigh when deciding whether or not to hear a declaratory action.[18] These include:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.[19]

Looking to these factors and applying them to the instant case, Plaintiff's proposed declaratory action would do little to settle the instant controversy. Whether or not the pre-lien notice materially complied with Oklahoma statutes is a mere piece of the greater state court breach of contract action, of which Plaintiff is at least tangentially a part.[20] Although a finding for the Plaintiff could settle the controversy as to the validity of the lien, such a finding is far from clear, and the underlying breach of contract action would remain. Further, if the Court finds for the Defendant, the instant declaratory action will have effectively accomplished nothing.

As to *Mhoon*'s second factor, the case could potentially clarify some of the legal relations

---

[17]*Id.*

[18]*Mhoon*, 31 F.3d 979, 983 (10th Cir.1994).

[19]*Id.*

[20]The Court recognizes the two actions are not necessarily "parallel proceedings." However, the facts underlying both cases do offer a degree of similarity that should necessarily be considered in this Court's *Mhoon* analysis. *See U.S. v. City of Las Cruces*, 289 F.3d 1170, 1182(10th Cir.2002) ("We now hold the degree of similarity should be considered in the evaluation of the *Brillhart/Mhoon* factors, rather than considered as a threshold condition").

at issue, but not all. The lien at issue is part of a greater controversy involving the general contractor, allegedly owned and/or operated by Plaintiff, and between the two subcontractors. The lien itself represents what is often the sole bargaining chip in such disputes, and a decision for Plaintiff would allow them to exit the litigation unscathed having already received the fruits of the allegedly breached contract. Under this possible result, legal relations between Plaintiff and Defendant are clarified as to the lien, but Defendant would retain other avenues of legal recourse against the Plaintiff. As a result, the possible clarification of rights and duties provided by a resolution of Plaintiff's claims is minimal at best.

This Court considers closely the third factor of the *Mhoon* analysis: whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*." This case, if filed by Defendant as a direct action, would clearly satisfy the diversity jurisdiction requirements of 28 U.S.C. §1332, and would be removable to this Court. Consequently, the Court does not believe this suit is an attempt at improper "procedural fencing."

However, Plaintiff's action on the lien issue does present the trappings of a "race to *res judicata*." The instant action roughly parallels the state court contract action, and at present, the lien comprises Plaintiff's only tie to that action. As noted above, it is apparent to the Court that the impetus of Plaintiff's declaratory action is to hopefully remove its own skin from the game by getting a judgment from this Court as to the lien. In doing so, Plaintiff likely hopes to preempt any action against it in state court by Defendant. Consequently, this suit suggests a proverbial "race to the courthouse" for which the declaratory judgment door is often closed.[21]

---

[21]*See, e.g., Great American Insurance Co. v. Houston General Insurance Co.*, 735 F.Supp. 581, 586 (S.D.N.Y.1990).

The fourth *Mhoon* factor also weighs heavily in this Court's analysis. The validity of the disputed lien presents complex, and as of yet unanswered, questions of Oklahoma state law with regard to pre-lien notice requirements. Specifically, questions arise as to whether Defendant's notice was sufficient under the statute and whether, under principles of equity, Defendant's second amended notice, presented after the statutory deadline, can be related back to the time of the first notice. Because of this, the instant action presents a situation where there is not only a possibility of friction between the state and federal courts, but also of encroachment by the federal court based on conflicting interpretations of Oklahoma law.

The Court recognizes that, absent exceptional circumstances, the presence of questions of state law alone does not justify a refusal of a federal court to entertain a declaratory action.[22] However, Plaintiff's declaratory action presents unsettled questions of state law that may ultimately require certification of those questions to the Oklahoma Supreme Court. Because of this, Plaintiff's action also implicates the fifth factor of *Mhoon*: whether there is an alternative remedy which is better or more effective.

Ruling on Plaintiff's declaratory action in this Court will require the Court to (1) examine Plaintiff's arguments, (2) certify any appropriate questions to the Oklahoma Supreme Court for resolution, and (3) wait on that court's resolution in order to effect final adjudication. All this occurring while the state court contract action between the contractors proceeds through the Oklahoma trial court. Consequently, final adjudication of Plaintiff's declaratory action will require a doubly duplicitous expenditure of the judicial resources, where the ultimate resolution requires

---

[22]*Guardian Life Ins. Co. of America v. Kortz*, 151 F.2d 582, 586 (10thCir.1945).

proceedings in this Court and parallel proceedings in two state courts.

Multiple remedies exist that are far superior to this jurisdictional quagmire. For example, Plaintiff could join the state Court litigation and ask for a declaration of its rights under state law in that forum. Plaintiff could further wait out the underlying state court litigation, which may ultimately obviate Plaintiff's need for relief. In this Court's view, Plaintiff's declaratory action is the least efficient of its remedial options.

Plaintiff's action fails each of the *Mhoon* factors, and therefore fails to demonstrate that hearing Plaintiff's action in this forum would further the aims of the Declaratory Judgment Act. The court reiterates that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."[23] In terms of practical or efficient judicial administration, resolution of Plaintiff's claim by this Court at this time appears both impractical and unwise.

## CONCLUSION

For all of the foregoing reasons, this Court declines to exercise jurisdiction over Plaintiff's declaratory action pursuant to 28 U.S.C. §2201. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.[24] Plaintiff's Motion for Summary Judgment is **MOOT**.[25]

*[signature]*
James H. Payne
United States District Judge
Northern District of Oklahoma

---

[23] *Wilton,* 515 U.S. at 288.

[24] Docket No. 2.

[25] Docket No. 4.